the following opinion of this Court was delivered by
Judge Roane.
“ The Court is of opinion, that the general merits of this cause having been decided by the two former decrees ®f the Court of Chancery, affirmed, in general, by this Court, it becomes unnecessary, if not improper, to enter., at this time, upon many topics minutely discussed at the. bar, as it were de novo; and which course was only-rendered excusable by the difficulty of discriminating the points so decided from those now proper far ih/ *304 consideration and decision of the Court; a difficulty arising from the unusual size of the record, and the obscurity and perplexity resulting from the multifarious reports and dissertations with which the cause abounds» 1 . Disclaiming, therefore, to disturb or unsettle any point or principle established by those decrees; but, on the contrary, adopting them as the basis of the decree now to be rendered, the Court proceeds to declare its opinion touching such points and principles as may be necessary finally to settle this controversy, in pursuance of the decrees aforesaid.
“ The animadversions of Chancellor Wythe, of the 8th of June, 1800, being most of them erroneous, and in conflict with the decrees aforesaid, are set aside by the Court; and the report of commissioner Hay founded thereupon, being liable to the same, and greater objections, was rightly set aside by the decree now appealed from; and a new report was properly directed to be made in lieu thereof.
“ On considering the instructions of Chancellor Tyree. to the commissioner, to aid him in taking the new account, and which are contained in the decree now appealed from, the Court approves and adopts the same, with the following alterations, additions, and exceptions.
* 1st. The Court approves of so much of those instructions as requires the tobacco account to be also extended in money, pursuant to the decree of the Court of Appeals, and adds, that the administrator, William Peachy, is to be chargeable only for the price actually received for the tobacco not disbursed by him, where that can be ascertained, and where not, for the then current value thereof. 2dly. The Court approves of so much of the said Chancellor’s instructions as relate to .the construction of Doctor Flood’s will, respecting the supplies to be furnished to his widow; and sees no cause, from any facts appearing in the record, to make any deduction on account of boarders. 3dly. The Court approves the instruction relative, to the charge against the *305 •osf.aie for Mrs. FloocPs proportion oí the new goods; and So the claim for the wearing apparel of the testator, under all the circumstances of the case. 4thly. The Court also approves of the instruction relative to the reductions in the medical accounts, as in the cases of B. Ball and If, If,v>je, for the reasons assigned by the Chancellor, particularly the last; and because that course, while Is ur«y, probably, have produced Í- i.It 'o the estate, is one iu which we do not perceive that the administrator could have had any interest. 5thly. The Court approves the instruction of the Chancellor relative to the principia laid down by the decree of 1//94, affirmed by this Court, ns to the presuming of vouchers ; and without adverting to the particular examples put in the instruction in question, the Court is of opinion, that, where the vouchers are not ostensible, the onus probandi is thrown on the ndverae party, and that no change should be made in the account founded thereon, but in cases justified by satisfactory evidence ; especially, considering the great lapse of time which has occurred in the present instance, btliiy. The Court approves of the instruction of the Chancellor respecting the purchase of the loan-office certificates, the receipt and payment of the paper money, and the manner of stating the accounts during the paper-money era ; the same being in pursuance of the former decree of this Court, and warranted by the uniform current of decisions upon the subject, fthly. The Court* also concurs with the Chancellor as to his construction of the decree of this Court in relation to the changing of bauds, and applying the moneys of the estate, by the administrator, to his own use, or that of his friendo ¡ and that the same ought not to be charged in specie j with this addition, that, as it was important that the moneys of the testator should he always kept at interest, which could, perhaps, be better effected by changing tbe bonds than by receiving the money from, one mat?, and seeking for another to whom to lend it, the administrator should not be liable, in case of insolvencies oí *306 this description, unless the change was made injudLV-' ciously, or from fraudulent motives ; and that, as to any monej^s actually converted by the administrator to his own use or purposes, or lent by him to his friends, or otjjers> wjthout security, the said administrator should be chargeable with the value thereof, at the times respectively at which it was so converted or loaned ; provided that, in all such cases of loans without security, as aforesaid, if the borrower, and also the administrator himself, (who, in that case, stands in the place of a security,) were sufficiently adequate and responsible, at the-time, for the sums so loaned as aforesaid, (of which competency the subsequent repayment of the money shall be deemed conclusive evidence,) the foregoing rule shall not apply ; but, in such cases, they shall be considered as on a common footing with other borrowers, and the account to be taken accordingly. 8thly. The Chancellor’s instruction as to interest is also approved.”
“ In addition to the foregoing instructions of the Chancellor, modified and approved as aforesaid, the Court, for greater perspicuity and certainty, deems it proper to add the following:
“ 1. That in all cases in which the administrator shall have debited himself with, or assumed, the debts of others, the same ought to be considered as a payment by them to him, and carried to the account of paper money, or specie, as the case may be j and if, in any .case, such debts were not due at the time the same were debited or assumed as aforesaid, the said administrator shall be only chargeable as at the time when the same shall have become payable. 2dly. With respect to commissions ; (a subject so elaborately discussed at the bar j) the Court cannot say any thing more explicit, than by referring to the former decree of this Court, by which the adminstrator is allowed a commission of ten per centumand no more, on all moneys received by him, in full satisfaction for receiving, putting out, and paying away the same ; as, also, for his trouble and services in tht; *307 administration and management of the testator’s estate; provided, that a commission shall only be allowed on ¡receiving the same capital money once; and that, as to the paper money, the commission shall be five per centurn on the value of the money when received, aud the same on the value thereof when pci 1 aw a y, according So the legal scale of depreciation, f “y.. With respect to the medical account of the aihnLdsi "ator, William Peachy, this Court understands the decree of the Court of Chancery, affirmed by this Court, as only overruling a claim of the said William Peachy to be absolved therefrom altogether, and not as fixing any particular sum to be due by him; which, therefore, will depend upon the proofs, as in other cases: this construction is the more eleai-, because that decree of the Court of Chancery was rendered anterior to the exhibition of any of the accounts, In this cause, to a commissioner, and could not, there," fore, have had reference to any.
“ The Court has thus endeavoured to settle the great principles of this cause, and has, perhaps, repeated some which are contained in, or are evidently deducible from, the decrees formerly rendered. In doing this, they have been actuated by a desire to put an end to the present controversy 5 which they hope and believe may be ultimately accomplished, by means of a clear and simple report by a commissioner, and a reasonable degree of can-dour and acquiescence in the parties. With the same view, the Court has no hesitation in expressing its opinion to be, that, upon the whole circumstances of the case, the conduct of the acting administrator was just and unexceptionable, and that the losses incurred by the plaintiff are to be ascribed to the unexampled character of the times.
“ With respect to the other objections and exception:; made in this cause, as they depended upon, and were pointed against the principles contained in Mr- Hafti report, which has been set aside as aforesaid, and as many of them may-not be taken up, or repeated, by a *308 future commissioner, on that ground, (exclusive ui i,La objection of going too much into detail,) the Court deems it unnecessary to give minute and specific answers to them all: but it is proper to add, that the principles of that report are neither approved nor condemned further than is deducible from the foregoing premises; the Court only deeming- it a better course to set aside the report altogether, than to attempt to reform it.
“ Upon the whole, the Court affirms the decree now appealed from, with costs, with the explanations and modifications herein before mentioned and prescribed, and remands the cause to the Superior Court of Chan» eery, to be finally proceeded in pursuant to the principles now adopted and declared.”